RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/15/14
MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HENRY KIMBALL (#120724) | DOCKET NO. 14-CV-919; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| SGT. BENJAMIN, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Henry Kimball filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 30, 2014, and amended complaint on August 26, 2014. He was granted leave to proceed in forma pauperis on May 23, 2014. [Doc. #9] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff claims that the defendants failed to protect him from harm inflicted by another inmate and subjected him to unconstitutional conditions of confinement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that on June 1, 2013, Defendant Benjamin was not at his assigned post; instead, he was in the front part of the unit at the key area. Plaintiff went to use the microwave to heat up his coffee. Inmate Gibbs was there, apparently heating up a mixture of coffee and Magic Shave. Plaintiff asked Gibbs if he was finished with the microwave, and Gibbs threw the hot coffee and

magic shave concoction on Plaintiff.

Plaintiff alleges that he called for help, but no one responded since Benjamin was not at his assigned post. He complains that Gibbs tried to stab him for the forty-five minutes that it took for Defendant Benjamin to return to his post. When Officer Benjamin returned, Plaintiff was transported to the hospital for burns to his skin. He claims that, when he returned from the hospital, the nurses called the doctor and asked where to house Plaintiff, and the doctor ordered that Plaintiff be taken to the lock down tier. Plaintiff complains that the high temperature in the cell blocks and lack of air conditioning or fans made his burns hurt.

According to the administrative remedy response form, Plaintiff was taken to the hospital on the day of the incident, Saturday, June 1, 2013. Thereafter, he was seen twice a day and provided antibiotics. On Monday, June 3, 2013, Dr. Cleveland examined Plaintiff and admitted him to "Medical Isolation" before transferring him to the Special Needs Unit. On Friday, June 7, 2013, Plaintiff was transported back to LSU-Shreveport for a follow-up appointment. Plaintiff continued to receive burn care in the Special Needs Unit until he was discharged on June 12, 2013. Even then, he was still seen received daily burn care until July 22, 2013. [Doc. #17, p.18]

Plaintiff complains that Warden Cain allows officers to leave

their assigned posts and hang out in the main key area.

### *Law and Analysis*

1. **The Prison Litigation Reform Act**

   Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2. **Failure to Protect**

   "It is well-established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." Longoria v. Texas, 473 F.3d 586, 592 (5th Cir. 2006). However, "[p]risons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Regrettably, `[s]ome level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do ... unless all prisoners are locked in their

cells 24 hours a day and sedated." See Farmer 511 U.S. 858-9, J. Thomas, *concurring*; citing McGill v. Duckworth, 944 F.2d 344, 348 (CA7 1991). The Fifth Circuit has declined to find deliberate indifference when an official should have inferred the risk posed to an inmate; instead, the official must actually draw such an inference. See Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003).

Plaintiff's own allegations indicate that even he did not know Inmate Gibbs posed a particular risk to his safety. Plaintiff did not expect Inmate Gibbs to douse him with hot coffee. He has not set forth any allegations that the defendants had any reason to suspect that Gibbs would harm Plaintiff. Plaintiff has not alleged, for example, that Gibbs had - prior to the incident - threatened Plaintiff in any way, or that any such threat had been reported to the defendants. There are no allegations indicating that any defendant knew or inferred that Plaintiff faced a risk of serious harm from Gibbs. Even Plaintiff did not make such an inference when he approached Gibbs at the microwave. There is no evidence that the defendants acted with deliberate indifference in failing to protect Plaintiff from the incident with Inmate Gibbs.

To the extent that Defendant Benjmain was negligent in leaving his assigned post, mere negligence by officials in failing to protect a prisoner from an assault does not form the basis of a §1983 claim. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

### 3. Conditions of Confinement

Plaintiff complains that Dr. Cleveland acted with deliberate indifference in having Plaintiff placed in segregation after returning from the hospital. To establish an Eighth Amendment violation based on conditions of confinement, a prisoner must satisfy both an objective and a subjective component. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). "First, he must show that his confinement resulted in a deprivation that was 'objectively, sufficiently serious.'" Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008)(quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To make such a showing, the prisoner must demonstrate that the deprivation violated contemporary standards of decency and resulted in the denial of "the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation marks and citation omitted). Second, regarding the subjective component, the prisoner must show that prison officials possessed a sufficiently culpable state of mind in that they were deliberately indifferent to the alleged conditions. See Wilson, 501 U.S. at 297-303; Woods, 51 F.3d at 581. To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, the prisoner must show both that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists and (2) the official drew the inference. Id. "Deliberate indifference is an extremely high standard to meet." Brewster v. Dretke, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks and citation omitted).

"[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Farmer v. Brennan, 511 U.S. 825, 845 (1994). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Plaintiff was placed in segregation upon returning from the hospital on Saturday, until Monday, when he was examined by the prison doctor. Plaintiff had been attacked and injured by another inmate, so placement in segregation kept him *from* further risk of harm; it did not *expose* him to further risk. Moreover, once Dr. Cleveland examined Plaintiff that Monday, he admitted Plaintiff to medical isolation, and then the special needs unit. There are no facts alleged that Dr. Cleveland acted with deliberate indifference to Plaintiff's safety by having him segregated for the remainder of the weekend. Likewise, there are no allegations that such confinement in segregation from Saturday afternoon until Monday deprived Plaintiff of the minimal civilized measure of life's necessities. He was safe from other inmates; he was provided antibiotics; and, he was

6

seen by medical staff twice per day. Plaintiff has not alleged facts that the medical staff or doctor acted with a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 302-303 (1991).

4. Warden Cain

Plaintiff complains that the Warden is responsible because he is in charge of the officers, and because he "allows" the officers to congregate in the key area. Plaintiff's allegation that the warden allows officers to visit in the key area is conclusory. Moreover, government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* or *vicarious liability* does not provide a basis of liability in a section 1983 action. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978)(supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _12th_ day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE